UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN LANGLEY | CIVIL ACTION |
| VERSUS | NO. 21-421 |
| SGT. ROBERT GOINGS, ET AL. | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Steven Langley filed this 42 U.S.C. § 1983 civil rights complaint in the United States District Court for the Middle District of Louisiana.[1] Langley alleges that he was to be a witness in a federal civil rights case filed by another inmate in the Middle District, and the inmate's counsel in that case refused to inform the federal court that Langley was being threatened.[2] Langley did not use the required form complaint, pay the filing fee, or file a motion to proceed *in forma pauperis* with the complaint.

On receipt of the transferred case on March 3, 2021, the clerk of this court sent Langley a notice of this deficiency which required him to complete the required § 1983 form complaint and either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[3] The envelope mailed to Langley at his record address at the B.B. "Sixty" Rayburn Correctional Center ("RCC") has not been returned as undeliverable. Langley has not responded to the clerk's notice.

On April 19, 2021, to provide Langley a final opportunity to respond, I issued an order for him to show cause in writing on or before May 10, 2021, why his claims should not be dismissed for failure to prosecute for failure to pay the filing fee or submit a pauper application with the

---

[1] ECF No. 1 (Deficient Complaint).
[2] *Id*. at 1.
[3] ECF No. 8.

certified statement of his inmate account.[4]  My order also placed Langley on notice that his failure to comply with the order would result in the recommendation that his claims be dismissed.  The clerk of court mailed a copy of the order to Langley at his address of record at RCC.  The envelope containing the show cause order has not been returned as undelivered.  Langley has not responded to my show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[5]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[6]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[7]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[8]

All litigants are obligated to keep the court advised of any address change.  *See* EDLA Local Rules 11.1 and 41.3.1.  "[T]he failure of a pro se litigant to notify the district court of an

---

[4] ECF No. 9.
[5] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[6] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[7] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[8] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[9]

To date, Langley has not filed a Notice of Change of Address or otherwise contacted the court or clerk of court. Langley has not responded to the clerk's notice or the court's order, nor has he provided the information or fee necessary to prosecute his case. His failure to comply with the court's orders and rules has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Langley himself, justifying dismissal of his complaint.[10]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a

---

[9] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[10] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Stephen Langley's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 7th day of June, 2021.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).